LACY            a power of so extensive a kind which is liable to great abuse,
vs.
KENLEY.         and which might produce such disagreeable collisions be-
                tween the different parishes in the state, should be shown to
The police      be expressly given.   We have looked into the different
jury have power
only to pass laws statutes conferring authority on bodies of this kind, and we
and ordinances,
and make regu-  cannot find any thing to sanction it.   The power given to
lations relative
to the property them, we think, is clearly limited to the property which is
which is owned
and limited to  owned within their own parish, or brought there for the
their respective purposes of deposite or sale, or for any other object.   The mere
parishes,    or
brought therefor circumstance of its passing through the jurisdictional limits
deposite or sale. of the police jury, does not, in our opinion, confer on them
The circum-     the authority to stop it for inspection or for any other purpose.
stance of proper-
ty passing thro' Such a power is inconsistent with the right of the citizen to
their    jurisdic-
tional    limits, convey himself or his property on the public highways, from
does not autho-  one part of the state to the other, without let or hindrance: a
rise them to stop
it for inspection right which can only be controlled or regulated by the legis-
or any other pur-
pose.           lature itself, or, perhaps, by those to whom they expressly
                delegate the power.

          It is, therefore, ordered, adjudged and decreed, that the
       judgment of the District Court be affirmed, with costs.

                         LACY vs. KENLEY.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT, THE JUDGE OF THE
                         DISTRICT PRESIDING.

The extraordinary remedy or proceeding by attachment must strictly
   pursue all the forms of law, prescribing the mode of issuing the process
   and seizing the property of the debtor, on pain of nullity.

In obtaining an attachment writ, on affidavit filed, the petition must, as a
   matter *stricti juris*, be filed the day succeding, when it does not precede
   the writ.   Otherwise the whole proceeding will be null and void.

Before the act of 1828, amending the code of practice, the petition neces-
   sarily preceded the writ of attachment: Now it may follow in quick
   succession; at least the day after.

Joseph A. Lacy sued out an attachment against David Kenley, on an affidavit that the latter had permanently left the state, never to return. The attachment issued February 2d, 1830, for the sum of eight hundred and sixty-two dollars, which was executed the same day, by attaching nine hogsheads of sugar. The petition was not filed in court, until the 15th of April, following. On the twelfth of April, the court appointed an attorney to represent the absent defendant. On the 22d of June, 1830, a citation issued on the petition, and was executed by posting a copy on the court-house door, the defendant having no domicil in the parish of St. Mary, where these proceedings were had. At the October term, following, the attorney appointed to represent the absent defendant, moved to dissolve the attachment on the following grounds: 1. Because there was no proof of the plaintiff's demand made before the District Court, as alleged. 2. The petition was not filed in time, being two and a half months after issuing the attachment, &c. The motion was overruled, and a plea of a general denial put in as the answer.

The plaintiff had judgment, and the defendant appealed.

*Bowen,* for plaintiff.

There is no irregularity in the proceedings in the case. The petition and citation have regularly followed the attachment, and an attorney appointed to represent the absent defendant.

2. A judgment by attachment, may be reversed, if the defendant did not owe the whole, or any part, of the debt; but not for technical irregularities in the incipient stage of the proceedings. *Code of Practice, article* 614.

*Brownson,* for defendant.

The proceedings, in this case, are defective, and must be set aside. There was no petition accompanying the attachment, or filed for some time afterwards. The attachment must be demanded in a petition, presented to a competent judge, &c. *Code of Practice, art.* 243. 10 *Martin,* 472. 2 *Martin, N. S.* 552.

WESTERN DIST.
*September,* 1831.

LACY
*vs.*
KENLEY.

2. A petition must accompany the order of attachment, and be served on the party, or left at his domicil with the citation. All this must be done before any proceedings can take place under the attachments. *Code of Practice, articles* 251, 252, 253.

*Mathews, J.* delivered the opinion of the court.

This is a suit, by attachment, commenced in pursuance of the provisions of the fourth section of the act of the legislature, passed 1828, amending several articles of the Civil Code and Code of Practice. The writ was obtained on the affidavit of the creditor, and regularly executed according to its tenor. But the usual petition was not filed on the day prescribed by the law, which gives this prompt remedy to attaching creditors.

The writ of attachment was issued on the second of February, 1830, and no petition was filed in the cause until the 15th of April, following.

The court below proceeded to final judgment, after having overruled the exceptions of the counsel appointed to defend the absent debtor, to the regularity of the proceeding on which the citation was issued, and served in conformity to the rules established by the Code of Practice in relation to attachments. From this judgment an appeal was taken on the part of the defendant.

The sole question which requires solution by this court, appears, to us, to be, whether the attachment is void or voidable—null, absolutely, or relatively, in consequence of the plaintiff not having pursued strictly the law by virtue of which it was granted, in neglecting to file his petition on the day succeeding that on which the process issued.

The extraordinary remedy or proceeding by attachment, must strictly pursue all the forms of law, prescribing the mode of issuing the process and seizing the property of the debtor, on pain of nullity.

Whatever may be the general doctrine of nullity, relating to contracts or judicial proceedings, in ordinary cases, it is believed that on the extraordinary remedy by attachment, all the forms prescribed by law for this process must be strictly pursued, on pain of nullity as a consequence of their neglect.

According to the Code of Practice, which the act of 1828 purports to amend, it was required that a petition, presented

to a competent judge, should precede the writ of attachment; and that, in addition to the seizure of property under this writ, the defendant should have the benefit of a citation, in the manner prescribed by law. See *Code of Practice, articles* 243, 254.

Thus it is seen, that previous to the act under which the present attachment was allowed, a petition necessarily preceded the writ. Now, it may follow; but must do so in quick succession, in order to support the previous proceedings, which formerly rested on the petition *ab initio.* The filing of such petition, on the day succeeding the issuing of the process of attachment, we believe to be a matter *stricti juris,* and a neglect so to do, fatal to the validity of the incipient process, if its nullity be invoked on the part of the debtor, as in the present case.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided, reversed and annulled: And it is further ordered, &c., that this suit be dismissed at the costs of the plaintiff and appellee, which have accrued in both courts.

*Margin notes:*

WESTERN DIST.
September, 1831.

Before the act of 1828, amending the Code of Practice, the petition necessarily preceded the writ of attachment : Now it may follow in quick succession ; at least the day after.